### SPAYD BROTHERS v BLACK-CLAWSON CO.

Ohio Appeals, 1st Dist, Butler Co.

No. 779. Decided Dec. 16, 1939

F. H. Downing, Lima, and Shank & Shank, Dayton, for appellant.

C. W. Elliott, Middletown, and Williams, Fitton & Pierce, Hamilton, for appellee.

## OPINION

By MATTHEWS, J.

It is agreed that the two machines, to recover the price or value of which this action is prosecuted, are not embraced within the terms of the written contract. The writing is a formal memorial of the agreement manifestly intended by the parties to be a complete integration of their contract. It, therefore, excludes all prior and contemporaneous negotiations relating to the same subject-matter. It cannot be added to, subtracted from, or altered in any way by prior or contemporaneous negotiations relating to its subject-matter. In 20 Am. Jur. 980, the rule is stated that "Parol evidence directly contradicting the amount of a commodity specifically stated in a written contract of sale is not admissible." This writing specifically enumerates the articles sold. Now it is admitted that these two machines were in the same place of business, were of the same kind as those included in the writing, and to permit proof of a prior or contemporaneous oral agreement to sell them would, in our judgment, be a clear addition to the written contract and, therefore, inadmissible.

But the machines were in fact delivered to the appellee. Such delivery and retention would under some circumstances give rise to an implication that the parties intended that the appellant would pass title to the appellee and that appellee would pay the reasonable value therefor. However, the circumstances shown in this record precludes the drawing of any such implication.

We start with the circumstance that if the parties had intended a sale, they would naturally have included the machines in the writing. There is the further circumstance that one of the appellants went to work for the appellee at the time these machines were delivered. And finally, the written contract itself shows that under it, the parties would have a continuing relationship, requiring co-operation in the production and sale of machines similar to these. And they actively co-operated in attempts to complete and dispose of these machines and this controversy really resulted from the failure of their joint efforts in that direction.

From all these circumstances, it is clear that the relation between these parties was entirely different from that where all that appears is that one person delivers goods of value to another under such circumstances that a natural inference would arise that a sale was intended.

While it is not clear just what was intended, we cannot say that an inference of sale is more probable. The competent evidence offered and proferred raises no inference. It is a matter of guess or speculation. There was a failure of proof.

There was also a failure of proof as to the reasonable value of the machines in the condition in which they were at the time of delivery.

We are of the opinion that the court was right in instructing a verdict for the appellee.

The judgment is affirmed.

HAMILTON, PJ. & ROSS, J., concur.